**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4814**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

SILVESTRE CUADRA-NUNEZ,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:14-cr-00198-D-1)

Submitted: September 27, 2016      Decided: December 2, 2016

Before MOTZ, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Laura E. Beaver, THE BEAVER LAW FIRM, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Silvestre Cuadra-Nunez appeals his convictions and sentence of 180 months of imprisonment following his plea of guilty to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and a quantity of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012) (Count 1), and possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A), 2 (2012) (Count 4). Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal. We affirm.

A guilty plea is valid where the defendant voluntarily, knowingly, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." United States v. Fisher, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). Before accepting a guilty plea, a district court must ensure that the plea is knowing, voluntary, and supported by an independent factual basis. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).*

---

* The Government has not invoked the appellate waiver contained in Cuadra-Nunez's plea agreement. Therefore, we are not limited by the waiver provision in conducting our Anders review, and we need not address its validity. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007).

Because Cuadra-Nunez neither raised an objection during the Rule 11 proceeding nor moved to withdraw his guilty plea in the district court, we review his Rule 11 proceeding for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). Our review of the record reveals that the district court fully complied with Rule 11 in accepting Cuadra-Nunez's guilty plea after a thorough hearing. Accordingly, we conclude that his plea was knowing and voluntary, Fisher, 711 F.3d at 464, and thus "final and binding," United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

We review Cuadra-Nunez's sentence for reasonableness "under a deferential abuse-of-discretion standard." United States v. McCoy, 804 F.3d 349, 351 (4th Cir. 2015) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Gall, 552 U.S. at 51. We presume that a sentence imposed within the properly calculated Sentencing Guidelines range is reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

We have reviewed the record and conclude that the district court properly calculated the Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence not based

on clearly erroneous facts, and sufficiently explained the chosen sentence. Furthermore, Cuadra-Nunez's total sentence of 180 months was exactly as recommended by the Guidelines and reflected the statutory minimum for each count. Therefore, we conclude that Cuadra-Nunez's sentence is reasonable.

Cuadra-Nunez next contends generally that the Government breached the plea agreement, although he identifies no specific breaches. Because Cuadra-Nunez did not raise this issue in the district court, we review for plain error. United States v. Dawson, 587 F.3d 640, 645 (4th Cir. 2009).

We use traditional principles of contract law to interpret plea agreements and "enforce a plea agreement's plain language in its ordinary sense." United States v. Warner, 820 F.3d 678, 683 (4th Cir. 2016) (internal quotation marks omitted). We give plea agreements careful scrutiny "because a defendant's fundamental and constitutional rights are implicated when he is induced to plead guilty by reason of a plea agreement." Id. (brackets and internal quotation marks omitted).

Based on our review of the record, we are convinced that the Government has fulfilled all obligations required by the plea agreement. Thus, we conclude that the Government did not breach the plea agreement.

Finally, Cuadra-Nunez argues that the district court erred in denying his motion for extraordinary discovery, by which he sought

4

to obtain evidence of the Government's efforts to evade the time limitations of the Speedy Trial Act. However, as a general rule, "when a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea, and thus has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea." United States v. Fitzgerald, 820 F.3d 107, 110 (4th Cir. 2016) (brackets and internal quotation marks omitted). Thus, because Cuadra-Nunez pleaded guilty, he has waived his right to seek appellate review of this issue, and we decline to address it.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Cuadra-Nunez, in writing, of the right to petition the Supreme Court of the United States for further review. If Cuadra-Nunez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cuadra-Nunez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5